EDWARD LAMB & another *vs.* WILLIAM H. JOHNSON.

Personal property mortgaged cannot be taken on execution against the mortgagor; and replevin will lie by the mortgagee against a purchaser of the property at the sale on the execution.

REPLEVIN. At the trial in the court of common pleas, it appeared that on the 13th of June, 1851, one J. F. Gouch being indebted to the plaintiffs in the sum of $250, agreed to convey

to them the property mentioned in the writ, to secure the payment of said debt; and he thereupon made and delivered to them a bill of sale for that purpose ; it was at the same time verbally agreed by the parties that said Gouch should continue to keep possession of said property, and should pay the plaintiffs, for the use thereof, at the rate of ten per cent. per annum, until he paid the said debt of $250 ; which he was to have the right to do at any time; and thereupon said bill of sale was to be void. The plaintiffs received of said Gouch the bill of sale, in pursuance of said agreement, and, on the 27th of the same month, caused it to be duly recorded.

On the fifth day of July following, Jonathan Day, a deputy-sheriff, by virtue of an execution which issued upon a judgment recovered in the court of common pleas, against the said Gouch, finding the said tools in possession of said Gouch, attached and seized the same as his property, and, after due proceedings, sold the same to the defendant at public auction. The plaintiffs had knowledge of said seizure and attachment, and were present at the sale ; and they then forbade the officer to make the sale, and claimed the tools as their own ; but they made no demand on him therefor, and they never gave him any notice of the amount of their debt, to secure which, the said bill of sale was made to them as aforesaid.

The presiding judge, *Merrick,* J. ruled, upon these facts, that said conveyance by Gouch to the plaintiffs must be considered to be a mortgage; and that no demand having been made by them on the officer, and no notice having been given to him, by the plaintiffs, of their claim, or of the debt which said bill of sale was given them to secure, the said attachment, seizure and sale were legal, and vested a good title to the property in the defendant, who was the purchaser thereof, and that this action could not be maintained. The verdict was therefore for the defendant, and the plaintiffs excepted.

*W. H. Williams,* for the plaintiffs.

*H. Chapin,* for the defendant.

BY THE COURT. The ruling of the court below was erroneous. If the conveyance of the property by Gouch to the plaintiffs amounted to a mortgage, the seizure and sale of it

by the sheriff, on execution against Gouch, was illegal and void; and the plaintiffs, as mortgagees, have a right to maintain their action of replevin therefor. *Lyon* v. *Coburn,* 1 Cush. 278. If it was not a mortgage, but only a bill of sale of the property, it was an open question between the parties, whether the plaintiffs had acquired a good title to the property under it. From the trial of this question they were precluded by the ruling of the court. There must, therefore, be a new trial. *Exceptions sustained.*